JUDGE ROBINSON

HOWARD W. BURNS, JR. (HWB 6529)
170 Broadway, Suite 609
New York, New York 10038
Tel. No.: (212) 227-4450

08 CIV 4757

Attorney for Defendant
  InterContinental Hotels Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

MARY PAMELA BROKATE,                 :   08 Civ.

        Plaintiff,           :

  - against -                       :   **NOTICE OF REMOVAL**

INTER-CONTINENTAL HOTELS            :
CORPORATION, CROWNE PLAZA HOTELS
& RESORTS, and CROWNE PLAZA WHITE   :
PLAINS HOTEL,
                                     :
        Defendants.
- - - - - - - - - - - - - - - - - - X

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF NEW YORK:

      The Notice of Removal of Defendant InterContinental Hotels Corporation ("IHC"), by its attorney, Howard W. Burns, Jr., respectfully shows to this Court:

      1. This action was commenced against defendant IHC in the Supreme Court of the State of New York, County of Westchester, on or about April 11, 2008, by the delivery of

plaintiff's Summons and state court Complaint to CT Corporation as registered agent for IHC.

2. There are no legal entities known as, or named, "Crowne Plaza Hotels & Resorts" or "Crowne Plaza White Plains Hotel," purportedly sued herein by plaintiff, and such non-existent entities have been fraudulently joined in this action.

3. Plaintiff Mary Pamela Brokate's complaint seeks un-quantified monetary damages for personal injuries allegedly sustained by her on or about February 14, 2008, at the Crowne Plaza Hotel located at 66 Hale Avenue, White Plains, New York 10601. Copies of plaintiff's Summons and Complaint are annexed as Exhibit A hereto.

4. On April 30, 2008, a written request for a statement of the damages claimed by plaintiff, a copy of which is annexed hereto as Exhibit B, was served upon plaintiff's attorneys. By Response to Request for Statement of Damages dated May 6, 2008, plaintiff responded with a written statement of the damages she claims in this action which for the first time quantified the claimed monetary damages at $750,000. A copy of plaintiff's

Response to Request for Statement of Damages setting forth in writing the monetary damages claimed herein, is annexed hereto as Exhibit C.

5.  The within action first became removable to this Court on or about May 12, 2008, upon the receipt in the mail by defendant IHC's counsel of plaintiff's above-referenced Response to Request for Statement of Damages, wherein plaintiff first quantified the damages claimed in this action as exceeding the sum of, or value of, $75,000, exclusive of interest and costs, and from which defendant IHC was first able to "intelligently ascertain removability."

6.  The above-described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which defendant IHC may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action arising between citizens of different states and plaintiff claims that the amount in controversy exceeds the sum of, or value of, $75,000, exclusive of interest and costs.

7. The controversy in this action and every issue of fact or law therein are wholly between citizens of different states and can be fully determined as between them. Defendant IHC is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located at Atlanta, Georgia. Defendant IHC does not maintain a principal place of business within the State of New York. As stated in Paragraph 2 above, there are no legal entities known as or named "Crowne Plaza Hotels & Resorts" or "Crowne Plaza White Plains Hotel," and such non-existent entities have been fraudulently joined in this action.

8. Because there are no legal entities named as defendants in this action other than IHC, no other party is required to join IHC in seeking removal to this Court.

9. Upon information and belief, plaintiff Mary Pamela Brokate is a citizen of the United States and a resident of the State of New York, residing at 8 Captain Lawrence Drive, South Salem, New York 10590, within this judicial district (see plaintiff's annexed Summons and Complaint).

10. As of this date, defendant IHC has not filed any responsive pleading in the action commenced by plaintiff in the Westchester County Supreme Court, and no other proceedings have transpired in that action other than a written agreement by plaintiff's counsel to extend to and including May 22, 2008, the time for defendants to appear, answer or otherwise respond to plaintiff's Complaint herein.

11. This notice of removal is being filed within less than thirty days of receipt by defendant IHC of a paper from which it could first be ascertained that the case is one which is removable, and this removal is being effected within less than one year after the action was commenced in state court.

**WHEREFORE**, Defendant InterContinental Hotels Corporation respectfully prays that the above action now pending against it in the Supreme Court of the State of New York, County of Westchester, be removed therefrom to the United States District Court for the Southern District of New York, together with such

/

/

/

other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
       May 20, 2008

>                    HOWARD W. BURNS, JR. (HWB 6529)
>                        Attorney for Defendant
>                    InterContinental Hotels Corporation
>
>                    _____
>                        Howard W. Burns, Jr. (HWB 6529)
>
>                    170 Broadway - Suite 609
>                    New York, New York 10038
>                    Tel. No.: (212) 227-4450

TO: **KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP**
    Attorneys for Plaintiff
    81 Main Street
    White Plains, New York 10601
    Tel. No.: (914) 683-1100

Defendant's address:

Inter-Continental Hotels Corporation
c/o CT Corporation Sytem
111 Eighth Avenue
New York, New York 10011

Crowne Plaza Hotels & Resorts
3 Ravina Dr.
Suite 2900
Atlanta, GA 30346 - 2149

Crowne Plaza White Plains Hotel
66 Hale Avenue
White Plains, New York 10601

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
MARY PAMELA BROKATE,

               Plaintiff,

-against-

INTER-CONTINENTAL HOTELS CORPORATION,
CROWNE PLAZA HOTELS & RESORTS, and
CROWNE PLAZA WHITE PLAINS HOTEL,

               Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

RECEIVED MAR 24 2008 TIMOTHY C. IDONI COUNTY CLERK COUNTY OF WESTCHESTER

Plaintiff, MARY PAM BROKATE, by her attorneys, KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP, complaining of the defendants, upon information and belief, sets forth and alleges as follows:

FIRST: That, at all times hereinafter mentioned, the plaintiff, MARY PAMELA BROKATE, was and still is a resident of the County of Westchester, State of New York.

SECOND: That, at all times hereinafter mentioned, the defendant, INTER-CONTINENTAL HOTELS CORPORATION was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

THIRD: That, at all times hereinafter mentioned, the defendant, INTER-CONTINENTAL HOTELS CORPORATION was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

FOURTH: That, at all times hereinafter mentioned, CROWNE PLAZA HOTELS & RESORTS, was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3

FIFTH:     That, at all times hereinafter mentioned, the defendant, CROWNE PLAZA HOTELS &, RESORTS was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

SIXTH:     That, at all times hereinafter mentioned, the defendant INTER-CONTINENTAL HOTELS CORPORATION, was and still is the owner &/or managing agent in possession and control of certain lands and premises known as the CROWNE PLAZA WHITE PLAINS HOTEL located at 66 Hale Avenue, White Plains, NY in the , County of Westchester, State of New York.

SEVENTH:   That, at all times hereinafter mentioned, the defendant CROWNE PLAZA HOTELS & RESORTS, was and still is the owner &/or managing agent in possession and control of certain lands and premises known as the CROWNE PLAZA WHITE PLAINS HOTEL located at 66 Hale Avenue, White Plains, NY in the , County of Westchester, State of New York.

EIGHTH:    That at all times hereafter mentioned, the defendant INTER-CONTINENTAL HOTELS CORPORATION had exclusive control of and responsibility for certain portions of the CROWNE PLAZA WHITE PLAINS HOTEL intended for common use by the public and, in particular, controlled, managed and were responsible for maintaining and inspecting the walkways and carpets throughout the complex.

NINTH:     That at all times hereafter mentioned, the defendant CROWNE PLAZA HOTELS & RESPORTS had exclusive control of and responsibility for certain portions of the CROWNE PLAZA WHITE PLAINS HOTEL intended for common use by the public and, in particular, controlled, managed and were responsible for maintaining and inspecting the walkways and carpets throughout the complex.

TENTH: That, on or about February 14, 2008, the plaintiff, MARY PAMELA BROKATE was lawfully walking on the premises of the CROWNE PLAZA WHITE PLAINS HOTEL located at 66 Hale Avenue, White Plains, NY in the County of Westchester, State of New York.

ELEVENTH: That, on or about February 14, 2008 as the plaintiff was lawfully ambulating in the lobby/hallway/walkway of the CROWNE PLAZA WHITE PLAINS HOTEL located at 66 Hale Avenue, White Plains, NY in the County of Westchester, State of New York, she was caused to trip and fall due to a ripped, broken, and defective piece of carpeting or mat in the lobby/hallway/walkway of the aforementioned premises, thereby sustaining the severe personal injuries herein alleged.

TWELFTH: That, said occurrence was caused solely through the negligence of the defendants, INTER-CONTINENTAL HOTELS CORPORATION, CROWNE PLAZA HOTELS & RESORTS and the CROWNE PLAZA WHITE PLAINS HOTEL, its agents, servants and/or employees in its use, ownership, management and maintenance of the premises, by failing, neglecting and omitting to maintain, inspect and/or control the aforementioned walkway in a reasonably safe condition; in failing, neglecting and omitting to properly inspect said carpet, in failing, neglecting and omitting to warn persons lawfully thereat of said dangerous, unsafe and hazardous condition, so as to give a false appearance and illusion of safety; in causing and/or permitting said lobby and carpet to become and remain, in a poorly maintained condition; in allowing said hazardous condition to exist for an unreasonably long period of time prior to the aforementioned accident of February 14, 2008, when defendants INTER-CONTINENTAL HOTELS CORPORATION, CROWNE PLAZA HOTELS & RESORTS and the CROWNE PLAZA WHITE PLAINS HOTEL, knew or should have known that a carpet in the lobby in this

condition was likely to cause injury to the plaintiff, or persons similarly situated; and in being otherwise and generally negligent.

THIRTEENTH: That, solely by reason of the defendants' negligence, and as a direct and proximate result thereof, the plaintiff, MARY PAMELA BROKATE, sustained severe and painful injuries in and about her body and limbs and became sick, sore, lame and disabled, and was compelled to expend considerable sums of money for medical treatment and hospital care.

FOURTEENTH: That, said injuries to the plaintiff resulted solely from the negligence of the defendants without any negligence on the part of the plaintiff contributing thereto.

FIFTEENTH: That this action falls within an exception set forth in CPLR Sections 1602, and defendant's liability will not be limited if other persons are found to be jointly liable.

SIXTEENTH: That, as a result of the aforesaid, plaintiff, MARY PAMELA BROKATE has been damaged in an amount which exceeds the jurisdictional limits of the lower courts which would otherwise have jurisdiction

**WHEREFORE**, plaintiff, MARY JANE BROKATE, demands judgment against the defendants, INTER-CONTINENTAL HOTELS CORPORATION, CROWNE PLAZA HOTELS & RESORTS and CROWNE PLAZA WHITE PLAINS HOTEL in an amount which exceeds the jurisdictional limits of the lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action, and for such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
       March 21, 2008

KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP
Attorneys for Plaintiff
81 Main Street
White Plains, New York 10601
(914) 683-1180

By: _____
     JEFFREY J. KEEGAN

SUPREME COURT OF THE STATE OF NEW YORK
~~COUNTY OF WESTCHESTER~~

MARY PAMELA BROKATE,

                              Plaintiff,

-against-

INTER-CONTINENTAL HOTELS CORPORATION,
CROWNE PLAZA HOTELS & RESORTS, and
CROWNE PLAZA WHITE PLAINS HOTEL

                              Defendants.

## SUMMONS and COMPLAINT

**KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP**
Plaintiff      Attorneys at Law

*Attorney(s) for*

81 Main Street
White Plains, New York 10601
(914) 683-1100

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: .................................................    Signature ..........................................................................

                                           Print Signer's Name..........................................................

*Service of a copy of the within*                                         *is hereby admitted.*

Dated:

                                           *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY    that the within is a *(certified)* true copy of a
entered in the office of the clerk of the within-named Court on    20

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the
Hon.    , one of the judges of the within-named Court,
at
on    20    , at    M.

Dated:

                                      **KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP**
                                               Attorneys at Law

                    *Attorney(s) for*

To:                                           81 Main Street
                                           White Plains, New York 10601

*Attorney(s) for*

Case 7:08-cv-04757-SCR   Document 1   Filed 05/21/2008   Page 16 of 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X   Index No. 6175/08
MARY PAMELA BROKATE,

                Plaintiff,

    -against-

INTER-CONTINENTAL HOTELS CORPORATION,
CROWNE PLAZA HOTELS & RESORTS, and
CROWNE PLAZA WHITE PLAINS HOTEL,

                Defendants.
---------------------------------------------------------------X

**RESPONSE TO REQUEST FOR STATEMENT OF CLAIMED DAMAGES**

**S I R S:**

    **PLEASE TAKE NOTICE** that the plaintiff, in response to defendants' request pursuant to the provisions of CPLR 3017(c) states that damages will be claimed for permanent personal injuries regarding the accident that occurred on February 14, 2008, including past pain and suffering, future pain and suffering, past medicals and future medical expenses, all to the plaintiff's damage in the sum of $750,000.00.

Dated: White Plains, New York
       May 6, 2008

                            Yours, etc.,
                            KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP
                            Attorneys for Plaintiff
                            By: _____
                                JOHN W. KEEGAN
                            81 Main Street
                            White Plains, New York 10601
                            (914) 683-1100

TO:  HOWARD W. BURNS, JR.
       Attorney for Defendants
       Office and P.O. Address
       170 Broadway, Suite 609
       New York, NY 10038
       (212) 227-4450