*HOWARD W. BURNS, JR.* *(HWB 6529)*
*170 Broadway, Suite 609*
*New York, New York 10038*
*Tel. No.: (212) 227-4450*

*Attorney for Defendant*
  *InterContinental Hotels Corporation*

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*
- - - - - - - - - - - - - - - - - x

*MARY PAMELA BROKATE,*                    :    *08 Civ. 4757 (SCR)*

                    *Plaintiff,*          :        **ECF CASE**

         *- against -*                    :

*INTER-CONTINENTAL HOTELS*               :    **ANSWER AND AFFIRMATIVE**
*CORPORATION, CROWNE PLAZA HOTELS*            **DEFENSES OF DEFENDANT**
*& RESORTS, and CROWNE PLAZA WHITE*       :    **INTERCONTINENTAL HOTELS**
*PLAINS HOTEL,*                                **CORPORATION**
                                          :
                    *Defendants.*

- - - - - - - - - - - - - - - - - X


        Defendant  InterContinental  Hotels  Corporation

("IHC"), by its attorney, Howard W. Burns, Jr., as and for its

answer to the complaint of Plaintiff Mary Pamela Brokate (the

"Complaint"), alleges as follows:

        1.  Upon  information  and  belief,  admits  the

allegations contained in Paragraph FIRST of the Complaint.

2.    Denies each and every allegation contained in Paragraph SECOND of the Complaint, except admits that IHC is a corporation organized and existing under and by virtue of the laws of the State of Delaware.

3.    Denies each and every allegation contained in Paragraph THIRD of the Complaint, except admits that IHC is a corporation organized and existing under and by virtue of the laws of the State of Delaware.

4.    Denies each and every allegation contained in Paragraph FOURTH of the Complaint.

5.    Denies each and every allegation contained in Paragraph FIFTH of the Complaint.

6.    Denies each and every allegation contained in Paragraph SIXTH of the Complaint, and further alleges that at all times relevant to the claims in this action, the premises known as the "Crowne Plaza Hotel" located at 66 Hale Avenue, White Plains, New York 10601 (the "Premises"), was owned by HPT TRS IHG-2, Inc. and managed by IHG Management (Maryland) LLC.

7.    *Denies each and every allegation contained in Paragraph SEVENTH of the Complaint.*

8.    *Denies each and every allegation contained in Paragraph EIGHTH of the Complaint.*

9.    *Denies each and every allegation contained in Paragraph NINTH of the Complaint.*

10.   *Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph TENTH of the Complaint.*

11.   *Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph ELEVENTH of the Complaint.*

12.   *Denies each and every allegation contained in Paragraph TWELFTH of the Complaint.*

13.   *Denies each and every allegation contained in Paragraph THIRTEENTH of the Complaint.*

14. *Denies each and every allegation contained in Paragraph FOURTEENTH of the Complaint.*

15. *Responding to Paragraph FIFTEENTH of the Complaint, to the extent plaintiff's allegations constitute conclusions of law, IHC neither admits nor denies said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, IHC denies all of such legal conclusions. To the extent plaintiff's allegations constitute factual allegations, IHC denies each and every allegation contained in Paragraph FIFTEENTH of the Complaint.*

16. *Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph SIXTEENTH of the Complaint.*

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. *The Complaint fails to state any claim for relief as against IHC.*

-4-

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

18.   If plaintiff sustained any injuries or damage as alleged in the Complaint, said injuries and damage were caused in whole or in part by her own negligence and were not caused or contributed to in any manner by any negligence of IHC or of anyone for whom IHC may be responsible.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

19.   The injuries and damage to plaintiff, if any, arose from certain risks, dangers and hazards, all of which were open, obvious and well-known to her at and before the time said injuries and damages were sustained, and all of said risks, dangers and hazards had been assumed by her.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

20.   If plaintiff sustained any injuries and damage as alleged in the Complaint, said injuries and damage were caused in whole or in part by the neglect, breach of duty or other fault on the part of others for whose conduct IHC is not responsible.

-5-

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

21.   Upon information and belief, any alleged injury and damage sustained by plaintiff was the result of intervening or superseding causes (or both) not of IHC's doing.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

22.   Upon information and belief, the injury and damage allegedly sustained by plaintiff was caused solely by the supervening conduct of a person or persons not named as a party to this lawsuit.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

23.   Upon information and belief, any award made to plaintiff as a result of the injuries and damage alleged in the Complaint must be reduced in such proportion to the extent that the injury and damage complained of was caused, aggravated or contributed to by plaintiff's failure to mitigate her claimed damages.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

24.  Upon information and belief, plaintiff failed to take reasonable steps to mitigate her claimed damage; IHC bears no responsibility for any damage which would otherwise have been avoided or prevented.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

25.  IHC asserts the limitations of liability set forth in Article 16 of the NY Civil Practice Law and Rules.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE

26.  That if plaintiff has received remuneration and/or compensation for some or all of any claimed economic and other losses, or will with reasonable certainty receive remuneration and/or compensation for said losses in the future, IHC is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(c) of the Civil Practice Law and Rules.

### AS AND FOR AN ELEVENTH
### AFFIRMATIVE DEFENSE

27.   IHG had no notice or knowledge of the condition alleged to have caused or contributed to the claimed incident.

### AS AND FOR A TWELFTH
### AFFIRMATIVE DEFENSE

28.   At no time relevant to this action did IHC or anyone for whom it is responsible, own, lease, operate, manage, maintain, supervise or otherwise control the Premises.

29.   At no time relevant to this action did IHC or anyone for whom it is responsible, employ, direct, supervise or otherwise control or manage anyone working or employed at the Premises.

30.   By reason of the foregoing, plaintiff may not maintain this action as against IHC.

**WHEREFORE,**  Defendant  InterContinental  Hotels Corporation demands judgment dismissing plaintiff's Complaint with

costs, disbursements and counsel fees, together with such other and

further relief as this Court deems just, proper and equitable.

Dated: New York, New York
       May 21, 2008


                              **HOWARD W. BURNS, JR. (HWB 6529)**
                               Attorney for Defendant
                               InterContinental Hotels Corporation


                               s/Howard W. Burns, Jr.
                                  Howard W. Burns, Jr. (HWB 6529)

                               170 Broadway - Suite 609
                               New York, New York 10038
                               Tel. No.: (212) 227-4450


**TO:**  **KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP**
         Attorneys for Plaintiff
         81 Main Street
         White Plains, New York 10601
         Tel. No.: (914) 683-1100


                              -9-