**HOWARD W. BURNS, JR.** *(HWB 6529)*
*170 Broadway, Suite 609*
*New York, New York 10038*
*Tel. No.: (212) 227-4450*

**Attorney for Defendant**
  *HPT TRS IHG-2, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| MARY PAMELA BROKATE, | : | 08 Civ. 4757 (SCR) |
| Plaintiff, | : | **ECF CASE** |
| - against - | : | |
| INTER-CONTINENTAL HOTELS CORPORATION, HPT TRS IHG-2, INC. and IHG MANAGEMENT (Maryland) LLC, | : : : | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HPT TRS IHG-2, INC. TO FIRST AMENDED** |
| | : | **AMENDED COMPLAINT** |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - X

Defendant HPT TRS IHG-2, Inc. ("HPT TRS"), by its attorney, Howard W. Burns, Jr., as and for its answer to the First Amended Complaint of Plaintiff Mary Pamela Brokate (the "Amended Complaint"), alleges as follows:

1. Upon information and belief, admits the allegations contained in Paragraph FIRST of the Amended Complaint.

2. Denies each and every allegation contained in Paragraph SECOND of the Amended Complaint, except admits that Inter-Continental Hotels Corporation is a corporation organized and existing under and by virtue of the laws of the State of Delaware.

3. Admits the allegations contained in Paragraph THIRD of the Amended Complaint.

4. Admits the allegations contained in Paragraph FOURTH of the Amended Complaint.

5. Admits the allegations contained in Paragraph FIFTH of the Amended Complaint.

6. Denies each and every allegation contained in Paragraph SIXTH of the Amended Complaint, except admits that at all times relevant to the claims in this action, IHG Management (Maryland), LLC managed the premises known as the "Crowne Plaza Hotel" located at 66 Hale Avenue, White Plains, New York 10601 (the "Premises").

7. Denies each and every allegation contained in Paragraph SEVENTH of the Amended Complaint, except admits that HPT TRS owned the Premises, and that IHG Management (Maryland), LLC managed the Premises, at all times relevant to the claims in this action.

8. Responding to Paragraph EIGHTH of the Amended Complaint, to the extent plaintiff's allegations constitute conclusions of law, HPT TRS neither admits nor denies said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, HPT TRS denies all of such legal conclusions. To the extent plaintiff's allegations constitute factual allegations, HPT TRS admits that this proceeding is a "civil action;" that plaintiff claims damages in excess of $75,000 exclusive of interest and costs, and that "diversity of citizenship" exists between plaintiff and defendants.

9. Responding to Paragraph NINTH of the Amended Complaint, to the extent plaintiff's allegations constitute conclusions of law, HPT TRS neither admits nor denies said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, HPT

TRS denies all of such legal conclusions. To the extent plaintiff's allegations constitute factual allegations, HPT TRS admits the allegations contained in Paragraph NINTH of the Amended Complaint.

10. In response to plaintiff's repeated and realleged allegations contained in Paragraph TENTH of the Amended Complaint, HPT TRS repeats and realleges with the same force and effect as if set forth here at length, each admission, denial and other response of this Answer set forth above in Paragraphs 1 through 5 hereof, and further alleges:

11. Denies each and every allegation contained in Paragraph ELEVENTH of the Amended Complaint, except admits that at all times relevant to the claims in this action, the Premises was owned by HPT TRS and managed by IHG Management (Maryland), LLC.

12. Responding to Paragraph TWELFTH of the Amended Complaint, to the extent plaintiff's allegations constitute conclusions of law, HPT TRS neither admits nor denies said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, HPT TRS denies all of such legal conclusions. To the extent plaintiff's

allegations constitute factual allegations, HPT TRS denies each and every allegation contained in Paragraph TWELFTH of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph THIRTEENTH of the Amended Complaint.

14. Responding to Paragraph FOURTEENTH of the Amended Complaint, to the extent plaintiff's allegations constitute conclusions of law, HPT TRS neither admits nor denies said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, HPT TRS denies all of such legal conclusions. To the extent plaintiff's allegations constitute factual allegations, HPT TRS denies each and every allegation contained in Paragraph FOURTEENTH of the Amended Complaint.

15. Responding to Paragraph FIFTEENTH of the Amended Complaint, to the extent plaintiff's allegations constitute conclusions of law, HPT TRS neither admits nor denies said allegations leaving all issues of law for determination by the

Court. To the extent such legal conclusions require a response, HPT TRS denies all of such legal conclusions. To the extent plaintiff's allegations constitute factual allegations, HPT TRS denies each and every allegation contained in Paragraph FIFTEENTH of the Amended Complaint.

16. Responding to Paragraph SIXTEENTH of the Amended Complaint, to the extent plaintiff's allegations constitute conclusions of law, HPT TRS neither admits nor denies said allegations leaving all issues of law for determination by the Court. To the extent such legal conclusions require a response, HPT TRS denies all of such legal conclusions. To the extent plaintiff's allegations constitute factual allegations, HPT TRS denies each and every allegation contained in Paragraph SIXTEENTH of the Amended Complaint.

17. Denies each and every allegation contained in Paragraph SEVENTEENTH of the Amended Complaint.

18. Denies each and every allegation contained in Paragraph EIGHTEENTH of the Amended Complaint.

### AS AND FOR A FIRST
### AFFIRMATIVE DEFENSE

19.  The Amended Complaint fails to state any claim for relief as against HPT TRS.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

20.  If plaintiff sustained any injuries or damage as alleged in the Amended Complaint, said injuries and damage were caused in whole or in part by her own negligence and were not caused or contributed to in any manner by any negligence of HPT TRS or of anyone for whom HPT TRS may be responsible.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

21.  The injuries and damage to plaintiff, if any, arose from certain risks, dangers and hazards, all of which were open, obvious and well-known to her at and before the time said injuries and damages were sustained, and all of said risks, dangers and hazards had been assumed by her.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

22.  If plaintiff sustained any injuries and damage as alleged in the Amended Complaint, said injuries and damage were

*caused in whole or in part by the neglect, breach of duty or other fault on the part of others for whose conduct HPT TRS is not responsible.*

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

*23. Upon information and belief, any alleged injury and damage sustained by plaintiff was the result of intervening or superseding causes (or both) not of HPT TRS' doing.*

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

*24. Upon information and belief, the injury and damage allegedly sustained by plaintiff was caused solely by the supervening conduct of a person or persons not named as a party to this lawsuit.*

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

*25. Upon information and belief, any award made to plaintiff as a result of the injury and damage alleged in the Amended Complaint must be reduced in such proportion to the extent that the injury and damage complained of was caused, aggravated or*

-8-

contributed to by plaintiff's failure to mitigate her claimed damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Upon information and belief, plaintiff failed to take reasonable steps to mitigate her claimed damage; HPT TRS bears no responsibility for any damage which would otherwise have been avoided or prevented.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. HPT TRS asserts the limitations of liability set forth in Article 16 of the NY Civil Practice Law and Rules.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. That if plaintiff has received remuneration and/or compensation for some or all of any claimed economic and other losses, or will with reasonable certainty receive remuneration and/or compensation for said losses in the future, HPT TRS is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(c) of the Civil Practice Law and Rules.

### *AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE*

*29.   HPT TRS had no notice or knowledge of the condition alleged to have caused or contributed to the claimed incident.*

*__WHEREFORE,__ Defendant HPT TRS IHG-2, Inc. demands judgment dismissing plaintiff's Amended Complaint with costs, disbursements and counsel fees, together with such other and further relief as this Court deems just, proper and equitable.*

*Dated: New York, New York
       August 25, 2008*

*__HOWARD W. BURNS, JR. (HWB 6529)__
 Attorney for Defendant
 HPT TRS IHG-2, Inc.*

*  s/Howard W.  Burns, Jr.           
    Howard W. Burns, Jr. (HWB 6529)*

*170 Broadway - Suite 609
New York, New York 10038
Tel. No.: (212) 227-4450*

*TO:   __KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP__
      Attorneys for Plaintiff
      81 Main Street
      White Plains, New York 10601
      Tel. No.: (914) 683-1100*